IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILDRED REED, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-12-3255 |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, L.P., | § | |
|    *Defendant*. | § | |

**PLAINTIFF MILDRED REED'S
MOTION FOR SUMMARY JUDGMENT**

**I.     Nature and Stage of This Proceeding.**

This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The parties have agreed to proceed with cross-motions for summary judgment on an expedited schedule [Doc. #15]. Plaintiff Mildred Reed ("Plaintiff") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**II.    Statement of the Issues.**

An objective "least sophisticated consumer" standard is employed to evaluate whether a debt collector's communication violates the FDCPA. Where a debt collector targets a particularly vulnerable group—say, consumers who it knows have a poor command of English—the objective benchmark for deciding whether a communication violates the FDCPA is the competence of the substantial bottom fraction of that group. Defendant Southwest Credit Systems, LP ("Defendant") targeted Spanish speaking consumers, does the objective standard include the least sophisticated Spanish-speaker who does not read English?

Under § 1692g of the FDCPA, no communication may overshadow or convey in a confusing or contradictory fashion the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. In evaluating claimed FDCPA violations, courts apply an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector. Defendant wholly failed to provide the disclosure of the consumer's rights in Spanish. Does Defendant's communication violate the FDCPA?

### III. Standard of Review.

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

### IV. Summary of Argument.

Under § 1692g of the FDCPA, no communication may overshadow or convey in a confusing or contradictory fashion the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. In evaluating claimed FDCPA violations, courts apply an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector. The goal is to protect the naive and

credulous from abusive debt collection practices. Spanish-speaking consumers fall into the objective category of the least sophisticated consumer where specifically targeted by debt collectors. Defendant included a Spanish paragraph in its initial debt collection letter—thereby targeting Spanish-speaking consumers in particular.

The Spanish overshadowed the properly provided notice in the rest of the letter. When a debt collection letter unambiguously provides the required FDCPA notice and merely supplements it with a phone number, there is no § 1692g violation. However, in the present case, the FDCPA notice is ambiguous to the Spanish-speaking consumers. If the Spanish-speaking consumer was unable to read the properly provided notice in English, he or she was left uncertain as to his or her rights and options. The inclusion of the phone number encourages the Spanish-speaking consumer to call and potentially waive his or her rights to challenge the validity of the debt. Thus, overshadowing the notice even for the Spanish-speaking consumer with a basic proficiency in English, since the eyes of the Spanish-speaking consumer would naturally gravitate to the one Spanish sentence.

While Defendant technically complied with the FDCPA, it did not sufficiently meet the statutory requirement of clear conveyance of the notice again, based upon the objective least-sophisticated consumer standard. If Defendant deemed it necessary to provide the sentence in Spanish, then the English notice was clearly not sufficient to inform those Spanish-speaking consumers who did not speak English. For these reasons, Defendant's communication violates the FDCPA.

**IV. Ms. Reed has Standing to File Suit Against Southwest for Violations of the FDCPA in Spanish Because the FDCPA Broadens the Traditional Injury In Fact Analysis and Allows a Plaintiff to Recover Despite the Absence of Actual Damages.**

To meet the requirements for constitutional standing, a party must show, among other factors, that he or she has suffered an "injury in fact." *Ehrich v. I.C. System, Inc.*, 681 F.Supp.2d 265, 269 (E.D.N.Y. 2010); (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). The FDCPA broadens the scope of the "traditional 'injury in fact' and allows a plaintiff to recover statutory damages despite the absence of actual damages. *Id.* at 269-270. Courts have interpreted the FDCPA "to confer standing on plaintiffs who have suffered no actual harm, allowing them to sue for statutory damages." *Id.* at 270; *See Jacobson v. Healthcare Fin. Servs.,* 516 F.3d 85, 96 (2d Cir.2008) ( "[T]he FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations."); *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 307 (2d Cir.2003) ("[C]ourts have held that actual damages are not required for standing under the FDCPA.").

In *Ehrich,* the court found that the English speaking plaintiff had standing to bring an action under the FDCPA when she received a letter in connection with the collection of debt containing the required notices under the FDCPA and Spanish language directing the consumer to call the debt collector. *Id.* The court in *Ehrich* reasoned that the purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors "with the focus on the debt collector's misconduct, and not on whether plaintiff can demonstrate actual damages." *Id.* In finding that the plaintiff had standing in *Ehrich,* the court established that it furthered the

purpose of the FDCPA by enlisting the efforts of the sophisticated consumer to act as 'private attorney generals' to aid the less sophisticated consumers who are unlikely to bring suit. *Id.* at 270; *Jacobson,* 516 F.3d at 96.

"Furthermore, a Plaintiff's subjective reaction to a debt collection letter is irrelevant to a determination of standing. *Id.* at 270; *see also Jacobson,* 516 F.3d at 96 (holding that plaintiff had standing to sue under the FDCPA even though he admitted that he did not feel threatened or misled by the debt collection letter demanding payment).

In this case, Ms. Reed has standing to bring her claims under the broad scope of the FDCPA as she has alleged violations of the FDCPA which allow for statutory damages to be awarded to a successful plaintiff. *Id.* Although Ms. Reed, an English speaker, was not herself deprived of notice by the Spanish language in the letter, the "mere receipt of a debt collection letter that potentially violated the FDCPA is sufficient to establish standing." *Id.* The standard is an objective one tied to the least sophisticated consumer, in this case the least sophisticated Spanish-speaking consumer. *See Nicole Bloom Dion,* An Overview of the Fair Debt Collection Practices Act, Prac. Law., February 2013, at 57, 62.

**V.     Ms. Reed Is Entitled to Summary Judgment on her Claims Under 15 U.S.C. § 1692g(a) and § 1692g(b).**

The FDCPA prohibits debt collectors from failing to provide consumers with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereof, informing the consumer of her right to dispute within the 30-day period and that any collection activity or communication be consistent with the right to dispute. 15 U.S.C. § 1692g(a); 15 U.S.C. § 1692g(b).

### A. The FDCPA is Interpreted under the "Least Sophisticated Consumer" Standard."

The Fifth Circuit has adopted the objective "unsophisticated or least sophisticated consumer" standard in evaluating potential deception in collection letters challenged under the FDCPA. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "That is, in determining whether the defendant's actions are deceptive under the FDCPA we must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors. This standard serves the purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). Spanish speakers are representative of "least sophisticated consumers" entitled to protection from debt collectors that violate the FDCPA.

The least sophisticated consumer standard is an objective standard, and it is therefore irrelevant whether the consumer was actually deceived by the debt collector's conduct. *See U.S. v. Nat. Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996) ("the test is the capacity of the statement to mislead; evidence of actual deception is unnecessary."); *see also Tourgeman v. Collins Fin. Services, Inc.*, 2011 WL 3176453, at *4 (S.D. Cal. July 26, 2011) ("Clearly, the FDCPA's focus is on a debt collector's conduct, and not on whether a consumer suffers actual damages or is misled."). "Because we apply an objective standard, the question is not whether this *particular* consumer was *actually* deceived, but instead the question is whether the objective unsophisticated consumer would be deceived." *Gonzalez v. Kay*, 577 F.3d 600, 611 (5th Cir. 2009) (Jolly, J., dissenting) (emphasis in original).

**B. Ms. Reed Is Entitled to Summary Judgment on her Claim Under 15 U.S.C. § 1692g(a) because Southwest's Letter Does Not Provide the Notices Required Pursuant to the FDCPA.**

The FDCPA requires that debt collectors provide notices to consumers in the initial communication or within 5 days of the initial communication. 15 U.S.C. § 1692g(a). Section § 1692g(a) of the FDCPA states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

A debt collector violates the FDCPA by failing to provide the information required by Section 1692g(a). *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Although Southwest's debt collection letter contains the required notices in English, it does not provide the required notices in Spanish and states, in relevant part:

> Esta comunicación es de un cobrador de morosos. Esta es una tentativa de reunir una deuda y cualquier información obtenida se utilizara para ese propósito. La cantidad listo encima de es el equilibrio actualmente debido. Para asistencia en español, llame por favor al 1-800-284-9180 para arreglar prontamente para el pago.

(Doc. 1-1).

The above paragraph translates to English as follows:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. The amount listed above is the current balance due. For assistance in Spanish, please call 1-800-284-9180 to arrange promptly for payment.

As discussed *supra* in section IV, Ms. Reed has standing to bring this claim for Southwest's violation of the FDCPA for failing to provide the required notices under § 1692g(a). Although Southwest provided the required notices in English, Ms. Reed's reaction to the letter is irrelevant and her receipt of a letter containing a violation of the FDCPA is enough to establish standing under the FDCPA, *supra*. Ms. Reed's claims also further the purpose of the FDCPA, *supra*.

Here, Southwest's statement fails to convey that unless the consumer disputes the debt within 30 days of receiving the notice, Southwest will assume the debt is valid; that a consumer has the right to dispute the debt in writing within the 30 day period; and that the consumer has the right to request, in writing, the name and address of the original creditor within the 30 day period.

On the other hand, it is quite reasonable to restrict debt collectors from including a single Spanish sentence containing a phone number. Instead, they could either not include any Spanish at all, or alternatively, they could provide the entire notice in Spanish in addition to English.

**C.     Ms. Reed Is Entitled to Summary Judgment on her Claim Under 15 U.S.C. § 1692g(b) because Southwest's Letter Overshadows Her Right to Dispute the Debt Within the 30-Day Period.**

Similar to *Ehrich,* the letter sent by Southwest encourages the consumer to waive her rights under the FDCPA by stating that in order to receive assistance in Spanish, the consumer must call Southwest to arrange promptly for payment. By directing consumers to arrange "prompt payment," Southwest overshadowed the right to dispute under 15 U.S.C. § 1692g(a).

The FDCPA requires that debt collectors collection activity and communication with the consumer within the 30-day dispute period not overshadow the rights of the consumer to dispute the debt. 15 U.S.C. § 1692g(b). Section § 1692g(b) of the FDCPA states in part:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

Southwest's debt collection letter states, in relevant part:

> Esta comunicación es de un cobrador de morosos. Esta es una tentativa de reunir una deuda y cualquier información obtenida se utilizara para ese propósito. La cantidad listo encima de es el equilibrio actualmente debido. Para asistencia en español, llame por favor al 1-800-284-9180 para arreglar prontamente para el pago.

(Doc. 1-1).

The above paragraph translates to English as follows:

> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. The amount listed above is the current balance due. For assistance in Spanish, please call 1-800-284-9180 to arrange promptly for payment.

"Although a phone number does not violate the FDCPA when it merely supplements proper notice, courts have distinguished between a phone number 'that ... simply encourages the debtor to communicate with the debt collection agency' and one that "threaten[s] or encourage[s] the ... debtor to waive his statutory right to challenge the validity of the debt." *Erhich v. I.C. Systems, Inc.* 681 F. Supp at 271. (quoting *Terran v. Kaplan,* 109 F.3d 1428, 1434 (9th Cir.1997)).

## VI.  Conclusion.

Unlike the disclosures in 15 U.S.C. § 1692g(a), the law does **not** require debt collectors to disclose to consumers the rights provided by 15 U.S.C. § 1692g(b). Bearing this in mind, once Southwest stepped into the proverbial labyrinth without a map, it should have exercised due care not to misstate the law and thereby mislead the consumer. *See Borcherding-Dittloff v. Transworld Sys., Inc.*, 58 F. Supp. 2d 1006, 1010 (W.D. Wis. 1999) ("an unsophisticated consumer will not necessarily appreciate the distinction between the existence of a right and a collection agency's obligation to disclose this right. The probability that this distinction will be lost on an unsophisticated consumer increases when, as here, the consumer is confronted with noticeably different disclosures and given no assistance in interpreting these differences correctly.").

WHEREFORE, Ms. Reed respectfully requests the Court to enter summary judgment in favor of Ms. Reed on her claim under 15 U.S.C. § 1692g(a) and 15 U.S.C. § 1692g(b).

Dated: March 26, 2013.  Respectfully submitted,

s/Noah D. Radbil
Noah D. Radbil
Texas Bar No. 24071015
Southern District Bar No. 1069583
Weisberg and Meyers, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, TX 77002
Telephone: (888) 595-9111 ext. 275
Facsimile: (866) 565-1327
noah.radbil@attorneysforconsumers.com

*Attorney-in-Charge for Plaintiff*
MILDRED REED

## CERTIFICATE OF SERVICE

I certify that on March 26, 2013, the foregoing document was filed with the Court using CM/ECF, which will send notification of such filing to:

Robbie Malone
rmalone@malonelaw.com
ROBBIE MALONE, PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, TX 75231

s/Noah D. Radbil
Noah D. Radbil