IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILDRED REED, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-3255 |
| § | | |
| SOUTHWEST CREDIT SYSTEMS, § | | |
| LP, § | | |
|     Defendant. § | | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 17] filed by Defendant Southwest Credit Systems, LP ("Southwest"), to which Plaintiff Mildred Reed filed a Response [Doc. # 20], and on Plaintiff's Motion for Summary Judgment [Doc. # 18], to which Defendant filed a Response [Doc. # 19]. The Court has carefully reviewed the parties' arguments, the record, and applicable law. Based on this review, the Court **grants** Defendant's Motion and **denies** Plaintiff's Motion.

### I.    BACKGROUND

Plaintiff incurred a debt with AT&T in the amount of $815.36 which, after interest and collection fees, increased to $962.12. On April 28, 2012, Defendant sent Plaintiff a collection letter informing her of various payment options. The one-page letter, written in English, included a short paragraph in Spanish at the bottom of the page after the signature block. The paragraph reads in full:

> Esta comunicacion es de un cobrador de morosos. Esta es una tentativa de reunir una deuda y cualquier informacion obtenida se utilizara para ese proposito. La cantidad listo encima de es el equilibrio actualmente debido. Para asistencia en espanol, llame por favor al 1-800-284-9180 para arreglar prontamente para el pago.

April 28 Letter, Exh. A to Complaint. It is undisputed that Plaintiff does not speak or read Spanish.[1]

On November 1, 2012, Plaintiff filed this lawsuit. In the Complaint [Doc. # 1], Plaintiff alleged that Defendant's April 28, 2012 letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Specifically, Plaintiff alleged that Defendant's letter violated § 1692e(10), § 1692g(a), and § 1692g(b).[2] The parties filed cross-motions for summary judgment, which have been fully briefed and are ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see*

---

[1]   Because Plaintiff does not read or understand Spanish, the content of the paragraph was unknown to her, as it would be to any non-Spanish speaker. For that reason, the Court need not and does not translate the paragraph.

[2]   Plaintiff has since withdrawn her claim pursuant to 15 U.S.C. § 1692e(10). *See* Joint Stipulation to Proceed With Expedited Scheduling Order [Doc. # 15], ¶ 1.

*also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325; *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III. STANDING

Defendant seeks summary judgment on Plaintiff's FDCPA claims on the basis that she lacks standing. There are three elements necessary for constitutional standing. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The first element, an "injury in fact," requires a "concrete and particularized . . . invasion of a

legally protected interest." *Id.* (citations omitted).  The second element requires "a causal connection between the injury and the conduct complained of" such that the injury is traceable to the challenged conduct. *Id.*  Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citation and internal quotation marks omitted).  The party seeking access to federal court bears the burden of establishing she has standing. *Time Warner Cable, Inc. v. Hudson,* 667 F.3d 630, 635 (5th Cir. 2012).

Defendant argues that Plaintiff has not asserted an injury-in-fact sufficient to confer standing.  The injury required for constitutional standing may arise where the "constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Tourgeman v. Collins Fin. Servs., Inc.*, 2012 WL 1327824, *4 (S.D. Cal. Apr. 17, 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).  A plaintiff establishes an injury-in-fact if the alleged statutory violations injured her in "a personal and individual way." *Lujan*, 504 U.S. at 560, n.1.  A party who seeks to obtain redress for allegedly unlawful practices must show how those practices have caused her injury. *See Whitaker v. Ameritech Corp.*, 129 F.3d 952, 959 (7th Cir. 1997).  "If the statute at issue prohibits the defendants' alleged conduct, . . . a plaintiff may demonstrate an injury" sufficient to confer constitutional standing. *Tourgeman*, 2012 WL 1327824

at *4 (citing *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010)).  For FDCPA claims, the plaintiff need not establish actual damages.  *See Brush v. Wells Fargo Bank, N.A.*, ___ F. Supp. 2d ___, 2012 WL 5989204, n.9 (S.D. Tex. Nov. 29, 2012) (Rosenthal, J.).

Plaintiff relies on a decision from the Eastern District of New York, which this Court finds distinguishable and unpersuasive.  In *Ehrich v. I.C. Syst., Inc.*, 681 F. Supp. 2d 265 (E.D.N.Y. 2010), the district court held that English-speaking plaintiffs had standing to challenge the inclusion of a Spanish language paragraph in the defendant's notice under § 1692g.  *Id.* at 269.  In that case, however, it was "not clear" whether the plaintiffs spoke Spanish as well as English.  *See id.* at 268 n.2.  In the case at bar, however, it is undisputed that Plaintiff Reed neither speaks nor reads Spanish.

The district court in *Ehrich* held that "although plaintiffs themselves were not deprived of notice by the Spanish sentence, their mere receipt of a debt collection letter that potentially violated the FDCPA is sufficient to establish standing."  *Id.* at 270.  This Court respectfully disagrees, particularly where it is undisputed that the plaintiff recipient of the debt collection letter could not read or comprehend the challenged language because it is written in Spanish.  Section 1692g of the FDCPA cannot be properly understood to require that the recipient of a debt collection letter

must be able to read all language in the letter when the language does not pertain to the recipient. Nor can the statute be interpreted to preclude a debt collector from including information in a debt collection letter in a language that the recipient does not speak or read as long as the notice provided in the *recipient's language* satisfies the requirements of § 1692g. Where, as here, the recipient of the debt collection letter saw but could not comprehend the Spanish-language information, any alleged injury is not personal and individual. Because Plaintiff Reed has not alleged facts showing that she suffered an injury-in-fact from the alleged violations of § 1692g that was "concrete and particularized," she does not have standing to assert those FDCPA claims based on the inclusion of statements in a language she does not understand.

## IV.    FDCPA CLAIMS

Even if a court were to find that Plaintiff has standing to pursue the claims asserted, those claims fail. Plaintiff asserts that Defendant's April 28 letter violated § 1692g of the FDCPA, even though she concedes that it contained all the disclosures required by the statute. A debt collector can violate § 1629g in two ways. *See Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 868 (S.D. Tex. 2001) (Rosenthal, J.). "First, a debt collector violates § 1692g by failing to provide the information the statute requires." *Id.* (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)). Second, a debt collector violates § 1692g if the debt collector's

communication, by its form or context, distorts or obfuscates the required disclosures in § 1692g. *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002) (collecting cases).

In Count II of the Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a) by "failing to provide Plaintiff with the notices required" by the FDCPA. Section 1692g(a) requires that the notice contain the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

In Count III of the Complaint, Plaintiff alleges that Defendant violated § 1692g(b) by "overshadowing the disclosures required" by the FDCPA during the

thirty-day dispute period. Under § 1692g(b) of the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. 1692g(b) (emphasis added). The debt collector, during the 30-day period triggered by the debt collection notice described in § 1692g(a), may not engage in communications or other collection activities that overshadow "the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

The Court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *McMurray v. Procollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court assumes that the plaintiff "is neither shrewd nor experienced in dealing with creditors." *Id.* "The least sophisticated consumer standard 'serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt

collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials.'" *McMurray*, 687 F.3d at 669 (quoting *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997)). "The unsophisticated consumer standard 'serves the same purposes and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" *Id.* The debt collection letter must be read as a whole to determine if it violates the FDCPA. *See Peter*, 310 F.3d at 349.[3]

Plaintiff concedes that the English portion of the April 28 letter contains the disclosures required by § 1692g(a). Plaintiff argues, however, that the inclusion of the paragraph in Spanish distorted, obfuscated and/or overshadowed the required notice in violation of § 1692g. The Court concludes as a matter of law that the April 28 letter did not violate § 1692g of the FDCPA. The notice was written in English, the language Plaintiff reads, speaks and understands. The letter set forth the required § 1692g information in a plain, clear, and easy to understand manner. Plaintiff's

---

[3] Plaintiff argues that the Court must base its decision regarding whether the April 28 letter violated § 1692g of the FDCPA under the "least sophisticated consumer" standard. The Fifth Circuit has not yet held that this standard, rather than the "unsophisticated consumer" standard, applies in this circuit. *See McMurray*, 687 F. 3d at 669 n.3. The Court's ruling in this case would be the same under either standard.

argument that the proper notice was deceptive because it was overshadowed by the paragraph in Spanish is without merit. The paragraph in Spanish meant nothing to a debtor who could not read it. It was located below the closing statement "Sincerely," and the typed name of "J. Lynch" on behalf of Southwest Credit Systems, L.P. It consists of only four lines and is not highlighted in any way. Neither a "least sophisticated" nor an "unsophisticated" consumer who, like Plaintiff, spoke only English would be confused or deceived in any way after reading the English language information in the letter. Indeed, Plaintiff admits that she understood her right to dispute the debt within thirty days. *See* Response to Request for Admission No. 7 [Doc. # 19-1]. The gratuitous inclusion of information for others who spoke Spanish does not overshadow the clear notice provided to English-speaking debtors by the sections of the letter in English.

Plaintiff, again relying on the Eastern District of New York's decision in *Ehrich*, argues that the "least sophisticated consumer" standard in this case requires evaluation of the letter from the perspective of the least sophisticated consumer who speaks only Spanish with no ability to understand English. Except for the *Ehrich* decision, which is non-binding and not persuasive to the undersigned, the Court is unaware of any legal authority for evaluating a debt collection letter sent to a debtor who speaks ***only*** English under a standard based on a consumer who speaks ***no***

English, and Plaintiff has cited none.

The *Ehrich* court noted correctly that "'courts have carefully preserved the concept of reasonableness' when determining FDCPA violations." *Ehrich*, 681 F. Supp. 2d at 273 n.7 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). Plaintiff's contention that the Spanish-language paragraph at issue renders the otherwise adequate English-language provisions confusing to a non-Spanish speaker is well outside the concept of reasonableness. Indeed, the adoption of Plaintiff's position in this case would have a negative impact on the very consumers the FDCPA was enacted to protect. A debt collector would simply decline to include in the debt collection letter any additional information beyond that specifically required by § 1692g(a), regardless of how helpful that additional information may be to certain large numbers of consumers. Debtors who could not comprehend the English language would be harmed by the debt collectors' decision not to include a brief statement, in a language they could understand, advising the non-English speakers how to obtain full § 1692g(a) information.[4] The acceptance of Plaintiff's interpretation of the FDCPA would effectively thwart, rather than advance, the

---

[4] There is no dispute that the Spanish-language paragraph in the April 28 letter, standing alone, does not satisfy the requirements of § 1692g(a). There is no evidence, however, that a Spanish-speaking debtor who received a letter similar to the April 28 letter and who called the phone number provided would not be given notice in Spanish that complied fully with the requirements of § 1692g(a).

purpose of the statute.  This Court declines to adopt Plaintiff's interpretation.

## V.     CONCLUSION AND ORDER

Plaintiff, a non-Spanish speaker, lacks standing to assert a violation of the FDCPA based on the English-language notice that contained a paragraph in Spanish. Even if Plaintiff had standing to assert her claims, those claims fail on the merits. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 18] is **DENIED.**  It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 17] is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**.  The Court will issue a separate final order.

SIGNED at Houston, Texas this 10th day of **May, 2013.**

_____
Nancy F. Atlas
United States District Judge